# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TROY A. WALKER<br>　　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>　　　Respondent. | Civil No. **PJM 20-1245** |

## MEMORANDUM OPINION

Troy A. Walker has moved pursuant to Federal Rule of Criminal Procedure 41(g) for the return of property—specifically, a 2005 Honda Odyssey—that he claims was wrongfully seized by the Government in violation of his due process rights. For the following reasons, his Motion his **DENIED**.[1]

### I.

On June 12, 2013, Troy Walker pleaded guilty to one count of transporting a minor with intent to engage in criminal sexual activity, in violation of 18 U.S.C. § 2423(a). Shortly thereafter, the Court imposed a sentence of 120 months imprisonment and 10 years of supervised release. Crim. No. PJM-12-0614, ECF No. 26 at 1.

As part of his plea agreement, Walker consented to the forfeiture of any property used to facilitate the crime. More specifically, the Superseding Information identified Walker's "2005 Honda Odyssey, VIN: 5FNRL38425B087206, MD Tag: 501M439" as subject to forfeiture. No. PJM-12-0614, ECF No. 22 at 2.

---

[1] The Court also denies Walker's untimely Motion for Extension of Time to Respond, ECF No. 5. Not only is his request well out of time, there is no way in which he could salvage his patently frivolous arguments.

1

Following Walker's guilty plea, the Court entered an Order of Forfeiture—including the 2005 Honda—which became final on August 8, 2015. ECF No. 4 at 2. The U.S. Marshals apparently sold the vehicle on November 30, 2015. *Id.* On June 9, 2015, the Government published the Order of Forfeiture notice online as required under 21 U.S.C. § 853(n)(1) and Fed. R. Crim. P. 32.2(b)(6)(C). ECF No. 4 at 2. At no point did Walker challenge the propriety of forfeiture.

## II.

Notwithstanding his plea agreement, Walker now asks the Government to return the 2005 Honda. Although he proposes several justifications, Walker seems to believe his consent to forfeiture of the vehicle is now a nullity. He reasons that because part of the offense occurred in the District of Columbia, and his offense is a crime under D.C. Code, he is somehow immune from forfeiture. Remarkably, Walker even asserts that he violated many other offenses under the D.C. Code for which he was never prosecuted.

The Government appropriately rejects all of Walker's arguments, asserting that while Rule 41(g) allows a person to seek the return of property, such motions are denied where the property was subject to *lawful* forfeiture—as is the case here. *See Leech v. United States*, 2012 WL 434 1760 at *3 (D. Md. Sept. 20, 2012). Indeed, Walker agreed to forfeit his 2005 Honda in a valid plea agreement. He never opposed any parts of that agreement and he knowingly and voluntarily entered a plea of guilty pursuant to that agreement.

There simply is no meritorious claim that the forfeiture in this case was unlawful. In such circumstances, a court "properly denies a motion for return of property if the defendant lacks entitlement to 'lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues.'" *Hill v. United States*,

296 F.R.D. 411, 414 (E.D. Va. 2013) (quoting *United States v. Vanhorn*, 296 F.3d 713, 719 (8th Cir. 2002)), *aff'd* 567 F. App'x 202 (4th Cir. 2014).

In sum, there is no basis to return property to Walker that was lawfully forfeited to the Government.

## CONCLUSION

For the foregoing reasons, Walker's Motion for Return of Property is **DENIED**.

A separate Order will **ISSUE**.

/s/
_____
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

August 17, 2021